(Official Form 1) (10/05)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| NORTHERN District of Illinois | |

| Name of Debtor (if individual, enter Last, First, Middle):<br>WYGONSKI, JAMES S. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>NONE | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>--- -- 4945 | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>404 Albany Lane<br>Vernon Hills, Il.<br>ZIPCODE 60061 | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>Lake | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>493 Central Avenue, Highland Park, Il.<br>ZIPCODE 60035 | |

**Type of Debtor** (Form of Organization)
(Check one box.)

- [x] Individual (includes Joint Debtors)
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and provide the information requested below.)

State type of entity:

**Nature of Business**
(Check all applicable boxes.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Nonprofit Organization qualified under 15 U.S.C. § 501(c)(3)

restaurant

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- [ ] Consumer/Non-Business
- [x] Business

**Chapter 11 Debtors**

Check one box:
- [x] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses are paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

(Official Form 1) (10/05)

FORM B1, Page 3

| Voluntary Petition
*(This page must be completed and filed in every case)* | Name of Debtor(s): |

## Signatures

| Signatures(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |

**Signatures(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *James Stanley Wygonski*
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

11/6/06
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

| Signature of Attorney | Signature of Non-Attorney Bankruptcy Petition Preparer |

**Signature of Attorney**

X *Morton H. Cohon*
Signature of Attorney for Debtor(s)
MORTON H. COHON

Printed Name of Attorney for Debtor(s)
MORTON H. COHON

Firm Name

Address 100 N. La Salle St., Ste 1410
Chicago, Illinois 60602
ARDC #0480606

Telephone Number
312-782-6366    11/6/06
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

X _____

_____
Date

---

| Signature of Debtor (Corporation/Partnership) | |

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

(Official Form 1) (10/05)

FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code. |
| ☐ Exhibit A is attached and made a part of this petition. | X *Morton H Colon*    11/6/06<br>Signature of Attorney for Debtor(s)    Date |

| **Exhibit C** | **Certification Concerning Debt Counseling by Individual/Joint Debtor(s)** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br>☐ No | ☒ I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition.<br><br>☐ I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.) |

## Information Regarding the Debtor (Check the Applicable Boxes)

### Venue (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

## Statement by a Debtor Who Resides as a Tenant of Residential Property
*Check all applicable boxes.*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

Official Form 6 - Summary (10/06)

# United States Bankruptcy Court

Northern____ District Of ____Illinois____

In re ___JAMES STANLEY WYGONSKI___.
Debtor

Case No. _____

Chapter _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | yes | 1 | $ 0 | | |
| B - Personal Property | yes | 3 | $ 20,400 | | |
| C - Property Claimed as Exempt | yes | 1 | | | |
| D - Creditors Holding Secured Claims | yes | 1 | | $ 1,203.29 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | yes | 5 | | $ 40,586.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | yes | 9 | | $ 178,427.27 | |
| G - Executory Contracts and Unexpired Leases | yes | 1 | | | |
| H - Codebtors | yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | yes | 1 | | | $ 2,400.00 |
| J - Current Expenditures of Individual Debtors(s) | yes | 1 | | | $ 3,322 |
| TOTAL | | 24 | $ 20,400 | $ 220,216.56 | |

Form B6A
(10/05)

In re   JAMES STANLEY WYGONSKI           ,                    Case No. _____
                    **Debtor**                                                        **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | NONE | | NONE | NONE |

Total ▶  | NONE
(Report also on Summary of Schedules.)

Form B6B
(10/05)

In re   JAMES STANLY WYGONSKI _____,          Case No. _____
                    **Debtor**                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." In providing the information requested in this schedule, do not include the name or address of a minor child. Simply state "a minor child."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | none | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America Chase | | none " |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Imperial Realty COM Ed | | $5,000.00 $2,000.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | none | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | none | | | |
| 6. Wearing apparel. | | 1 suit, 4 pr slacks, 12 shirts, 6 pr shoes, 4 coats and Miscel | | $200.00 |
| 7. Furs and jewelry. | none | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | none | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | term policy, no cash surrender | | |
| 10. Annuities. Itemize and name each issuer. | none | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | NONE | | | |

Form B6B-Cont.
(10/05)

In re __JAMES STANLEY WYGONSKI_____,            Case No. _____
                   **Debtor**                                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 401 K with Edward James Securities | | $12,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Meisters, Inc. dba Hot Tamales sole shareholder defunct restaurant | | 0 |
| 14. Interests in partnerships or joint ventures. Itemize. | none | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | none | | | |
| 16. Accounts receivable. | none | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | none | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | none | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | none | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | none | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | none | | | |

Form B6B-cont.
(10/05)

In re  James Stanley Wygonski

Debtor _____,    Case No. _____

(If known)

# SCHEDULE B -PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | none | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | none | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | none | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 Saturn | | $1,200.00 |
| 26. Boats, motors, and accessories. | none | | | |
| 27. Aircraft and accessories. | none | | | |
| 28. Office equipment, furnishings, and supplies. | none | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | fixtures in defunct restaurant | | unknown |
| 30. Inventory. | none | | | |
| 31. Animals. | none | | | |
| 32. Crops - growing or harvested. Give particulars. | none | | | |
| 33. Farming equipment and implements. | none | | | |
| 34. Farm supplies, chemicals, and feed. | none | | | |
| 35. Other personal property of any kind not already listed. Itemize | none | | | |

_____ continuation sheets attached    Total▶ | $ 20,400.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Form B6C
(10/05)

In re   JAMES STANLEY WYGONSKI                    ,          Case No. _____
                          Debtor                                                (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                             $125,000.
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1 suit, 4 pr slacks, 6 pr shoes, 4 coats and miscelaneous items of apparel | ILCS5/12/1001 | $200.00 | $200.00 |
| 401 K | " | $12,000 | $12,000 |
| 2002 Saturn | " | $1,200 | $ 1,200 |

Form B6D

(10/05)   **In re** James Stanley Wygonsi       ,   Case No. _____
          **Debtor**                                            **(If known)**

## SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND A ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    3016 Capital One Auto Finance PO Box 93016 Long Beach, CA.90809- | | h | 2000 Saturn purchased 2002 VALUE $1200 | | x | | $1,203.29 | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | VALUE $ | | | | | |

____ continuation sheets attached

| | | |
|---|---|---|
| Subtotal ► (Total of this page) | $1,203.29 | |
| Total ► (Use only on last page) | $1,203.29 | |

Form B6E
(10/05)

In re  JAMES STANLEY WYGONSKI
                    Debtor

Case No. _____
                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."     If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. If applicable, also report this total on the Means Test form.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☒ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

Form B6E Contd
(10/05)

In re <u>JAMES STANLEY WYGONSKI</u> ,                    Case No._____
           Debtor                                    (if known)

☐ **Certain farmers and fishermen**

  Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

  Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

  Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ continuation sheets attached

Form B6E - Cont.
(10/05)

In re JAMES STANLEY WYGONSKI_____ ,      Case No. _____
         Debtor                                        (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

TYPE OF PRIORITY

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. MARTIN MARTINEZ 3751 W Eastwood Ave Basement Apt Chicago, Il. 60625 | | | October 2006 weeks wages | | x | | $    146.25 | 146.25 |
| Account No. OMAR SANDOVAL 934 Central Avenue Highland Park, Il 60035 | | | October 2006 weeks wages | | x | | $    201.83 | 201.83 |
| Account No. OSCAR CASTREJON 937 Deerfield Rd Highland Park, Il 60035 | | | October 2006 weeks wages | | x | | $    820.50 | 280.50 |
| Account No. ROSA LINDA GATICA 10 Michigan Ave Highland Park, Il. 60035 | | | October 2006 weeks wages | | x | | $215.00 | $215.00 |
| Account No. ALEJANDRO CASTREJON 934 Central Ave. Highland Park, Il 60035 | | | October 2006 weeks wages | | x | | $635.00 | $635.00 |

Sheet no. ___ of ___ sheets attached to Schedule of Creditors
Holding Priority Claims

Subtotal▶      $2,018.08      $2,018.08
(Total of this page)

Total▶         $              $
(Use only on last page of the completed Schedule E.
(Report total also on Summary of Schedules)

Form B6E - Cont.
(10/05)

In re JAMES STANLEY WYGONSKI _____ ,    Case No. _____
 _____ Debtor                                        (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

|  |  |  |  |  | TYPE OF PRIORITY | | | |
|---|---|---|---|---|---|---|---|---|
| **CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.)** | **CODEBTOR** | **HUSBAND, WIFE, JOINT, OR COMMUNITY** | **DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM** | **CONTINGENT** | **UNLIQUIDATED** | **DISPUTED** | **AMOUNT OF CLAIM** | **AMOUNT ENTITLED TO PRIORITY** |
| Account No. FRANCISCO CASTREJON 934 Central Ave. HIghland Park, Il. 60035 |  |  | October 2006 weeks wages |  | x |  | $715.00 | $715.00 |
| Account No. ANTONIO FLORES 801 Deerfield Rd Highland Park, Il. 60035 |  |  | October 2006 weeks wages |  | x |  | $497.50 | $497.50 |
| Account No. SERGIO RODRIGUEZ 130 North Ave. Highwood, Il. 60040 |  |  | October 2006 weeks wages |  | x |  | $748.00 | $748.00 |
| Account No. GERADO MORA 833 Laurel Ave. Highland Park, Il. 60035 |  |  | October 2006 weeks wages |  | x |  | $680.00 | $680.00 |
| Account No. JOSE FLORES OSORIO 937 Deerfield Rd Highland Park, Il 60035 |  |  | October 2006 one weeks wages |  | x |  | $123.83 | $123.83 |

Sheet no. ___ of ___ sheets attached to Schedule of Creditors
Holding Priority Claims

Subtotal▶
(Total of this page)    $ 2,764.33    $ 2,764.33

Total▶
(Use only on last page of the completed Schedule E.
(Report total also on Summary of Schedules)    $ 4,782.41    $ 4,782.41

Form B6E - Cont.
(10/05)

In re JAMES  STANLEY  WYRGONSKI _____ ,        Case No. _____
            Debtor                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

TYPE OF PRIORITY

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br> INTERNAL REVENUE SERVICE <br> R. Reed <br> 8125 River Drive <br> Morton Grove, Il. 60053 | | | Federal Tax Witholding 2005 and 2006 | | x | | $28,894.22 | $28894.22 |
| Account No. 4002192 <br> ILLINOIS DEPT OF EMPLOYMENT SECURITY <br> PO BOX 79 <br> Elgin, Il. 60121 | | | 2006 | | x | | $396.46 | $396.46 |
| Account No. <br> ILLINOIS DEPT OF REVENUE <br> Retailers Occupation Tax <br> Springfield, Il. 62796-001 | | | 2006 retailers occupation tax | | x | | $4,938.50 | $4,938.50 |
| Account No. <br> ILLINOIS DEPT OF REVENUE <br> PO BOX 19447 <br> Springfield, Il. 62794-9447 | | | 2006 withholding Tax | | x | | $1,575.00 | $1,575.00 |
| Account No. | | | | | | | | |

Sheet no. ____ of ____ sheets attached to Schedule of Creditors Holding Priority Claims

Subtotal ▶ (Total of this page) | $ 35,304.18 | $ 35,804.18

Total ▶ (Use only on last page of the completed Schedule E. (Report total also on Summary of Schedules) | $40,586.59 | $40,586.59

Form B6F (10/05)

In re ____ JAMES STANLEY WYGONSKI ____,          Case No. _____
                 **Debtor**                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>CLEVER IDEAS INC.<br>Two Prudential Plaza<br>Suite 5300<br>Chicago, Il. 60601 | | H | factoring credit cards since 2005 | | x | | $55,568.57 |
| ACCOUNT NO.<br>REWARDS NETWORK, INC.<br>2 Riverside Plaza<br>Suite 950 Chicago,Il 60606 | | H | factoring credit cards since 2005 | | x | | $6,890.53 |
| ACCOUNT NO.<br>STERLING PAYMENT TECNOLOGIES<br>1111 N. Westshore Blvd<br>Suite 500, Tampa, FL 33607 | | H | Factoring Credit Cards since 2005 | | x | | $44,428.65 |
| ACCOUNT NO.<br>LARRY BALKIN<br>2725 Greenwood Ave.<br>Highland Park, Il 60035 | | H | personal loan 2004 | | x | | $6,400.00 |

Subtotal ▶ $13,287.75

____ continuation sheets attached

Total ▶ $
(Use only on last page of the completed Schedule F.)
( Report also on Summary of Schedules.)

In re <u>JAMES STANLEY WYGONSKI</u>                ,          Case No. _____
                    Debtor                                                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> Chase Bank <br> 513 Eentral <br> Highland Park, Il.60035 | | H | overdrawn corporate acct since 1998 | | | x | unknown |
| ACCOUNT NO. <br> EME RESTAURANT EQUIPMENT <br> $$& Cedar Court South <br> Buffalo Grove, Il 60089 | | H | oven and broiler since July 2006 for corporation | | x | | $900.00 |
| ACCOUNT NO. <br> ELLENGEE MARKET CO. <br> 5120 N. Milwaukee <br> Chicago, Illinois | | H | purchases made 2004 by corporation food supplies | | x | | $5,500.00 |
| ACCOUNT NO. <br> FOUNDERS INSURANCE CO <br> 1645 East Birchwood <br> DesPlaines, Il 60018 | | H | insurance on corporate premises 2006 | | x | | $1,027.00 |
| ACCOUNT NO. <br> ANDREWS PAPER <br> 845 W. Randolph St. <br> Chicago, Il. 60607 | | H | corporate paper products 2004 | | x | | $349.40 |

Sheet no.___of___sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal▶  $ 7776.60

Total▶  $
(Use only on last page of the completed Schedule F.)
( Report also on Summary of Schedules.)

In re JAMES STANLEY WYGONSKI
_____,
Debtor

Case No. _____
(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. CITY OF HIGHLAND PARK 1707 St. John Ave. Highland Prk, Il. 60035 | | H | corporate special permit and taxes | | | x | unknown |
| ACCOUNT NO. ICE COLD PRODUCTS 100 Frontier Way Bensenville, IL 60106 | | H | corporation leased ice machine 2006 | | x | | $355.00 |
| ACCOUNT NO. ZURICH INSURANCE c/o CCS COMPANIES PO BOX 7250 Portsmouth, NH03802 | | H | balance due on corporate insurance premium 2002 | | | x | $125.00 |
| ACCOUNT NO. TOTAL MANAGEMENTS SYSTEMS INC. 900 W. Fullerton Addison, Il 60101 | | H | corporation leased dishwasher 2006 | | x | | $145.07 |
| ACCOUNT NO. MAHONEY ENVIRONMENTAL 1819 Moen Ave. Joliet, Il. 60436-9523 | | H | cleaned grease trap in restaurant July 1906 | | x | | $30.22 |

Sheet no.___of___sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal▶ $ 655.22

Total▶ $
(Use only on last page of the completed Schedule F.)
( Report also on Summary of Schedules.)

In re JAMES STANLEY WYGONSKI                    ,          Case No. _____
<u>                                        </u>                                    (If known)
                Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>LAKE COUNTY MEDICAL GAS<br>1421 Armour Blvd<br>Mundelein, Il. 60060 | | H | gas for restaurant 2006 | | x | | $23.00 |
| ACCOUNT NO.<br>JUDGE & DOLPH<br>PO BOX 809180<br>Chicago, Il. 60680-9180 | | H | liquor purchases by corporation 2006 | | x | | $1,335.25 |
| ACCOUNT NO.<br>CINTAS LINEN CO.<br>1025 National Pwky<br>Schaumburg, Il. 60173 | | H | linen services provided corporation 2006 | | | x | unknown |
| ACCOUNT NO.<br>BLUE ISLAND PRODUCE<br>2320 S. Blue Island Ave<br>Chicago, Il. 60608 | | H | produce provided corporation 2006 | | x | | $241.00 |
| ACCOUNT NO.<br>SYSCO FOOD SERVICES<br>2500 Wieboldt Drive<br>DesPlaines, Il. 60016 | | H | produce provided corporation 2006 | | | x | $5,500.00 |

Sheet no.___of___sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $ 7,099.25

Total ▶ | $

(Use only on last page of the completed Schedule F )
( Report also on Summary of Schedules )

In re  JAMES STANLEY WYGONSKI                           ,        Case No. _____
_____
          Debtor                                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. |  |  |  |  |  |  |  |
| ACCESS RECEIVABLES MANAGEMENT PO BOX 9801 Towson, MD 21284-9801 |  | H | corporate obligations 2001 |  |  | x | $301.56 |
| ACCOUNT NO. |  |  |  |  |  |  |  |
| ARAMARK 4200 S. Halsted St. Chicago, Il. 60609 |  | H | linen service for corporation 2006 |  | x |  | $852.79 |
| ACCOUNT NO. |  |  |  |  |  |  |  |
| RESTAURANT DEPOT 2166 Mannheim Road DesPlaines, Il. 60018 |  | H | restaurant supplies corporate obligation |  | x |  | $1,315.59 |
| ACCOUNT NO. |  |  |  |  |  |  |  |
| LEFF, KLEIN,KALFEN LTD CPA, 2205 Lakeside Dr. Bannockburn,Il 60015 |  | H | services rendered to corporation in 2004 |  | x |  | $1,100.00 |
| ACCOUNT NO. |  |  |  |  |  |  |  |
| STA-KLEEN 803 West Estes Ave. Schaumburg, IL. 60193 |  | H | services rendered corporation 2006 |  | x |  | $25.00 |

Sheet no.___of___sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal▶ $ 3,594.94

Total▶ $
(Use only on last page of the completed Schedule F.)
( Report also on Summary of Schedules.)

In re JAMES STANLEY WYGONSKI

Debtor,

Case No. _____

(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>SEAFOOD MERCHANTS<br>900 Forest Edge Dr.<br>Vernon Hills, Il 60061 | | H | services rendered corporation 2002 | | | x | $3,044.19 |
| ACCOUNT NO.<br>TIME PLUS PAYROLL<br>500 Colonial Center Parkway, Suite 650<br>Roswell, GA 30076 | | H | payroll services for corporation | | | x | unknown |
| ACCOUNT NO. 54903526529259<br>MBNA AMERICA<br>PO BOX 15726<br>Wilmington, DE. 19886 | | H | credit card since 2002 | x | | | $11,732.30 |
| ACCOUNT NO.<br>JEFF GORDENA<br>6411 Lincoln Ave<br>Unit 521,Morton Grove 60053 | | H | personal loan | | x | | $500.00 |
| ACCOUNT NO.<br>MARSHALL RASUF<br>3818 Oakton Street<br>Skokie, Il. 60076 | | H | accounting work provided corporation 2006 | | x | | $5,000.00 |

Sheet no.___of___sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ $20,276.49

Total ▶ $

(Use only on last page of the completed Schedule F.)
( Report also on Summary of Schedules.)

In re _____James Stanley Wygonski_____,   Case No. _____
                    Debtor                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **IMPERIAL REALTY** 4747 W. Peterson Ave Chicago, Il. 60646 | | H | rent on corporate premises 2006 | | | x | $8,797.03 |
| ACCOUNT NO. 1814730009 **COMED** Bill Payment Center Chciago, Il 60668-002 | | H | electric bill for corporate premises 2006 | | x | | $1,536.14 |
| ACCOUNT NO. 0500006096332 **PEOPLES ENERGY** 130 East Randolph Chicago, Il. 60601 | | H | gas bill for corporate premises 2006 | | x | | $1,793.00 |
| ACCOUNT NO. **AT&T** PO BOX 8100 Aurora, IL. 60507 | | H | telephone bill for corporation 2006 | | x | | $215.04 |
| ACCOUNT NO. 479124165756514 **CAPITAL ONE** PO BOX 290217 St. Louis, MO.63179 | | H | credit card since 2002 | | x | | $895.11 |

Sheet no.___of___sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal▶ $13,236.32

Total▶ $ _____
(Use only on last page of the completed Schedule F )
( Report also on Summary of Schedules.)

In re JAMES STANLEY WYGONSKI
_____,
Debtor

Case No. _____
(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| HEARTLAND PAYMENT SYSTEMS 1437 Youngstown Center, Hwy 62, Jeffersonville, IN 47130 | | H | processing payments for corporation | | | x | unknown |
| ACCOUNT NO. | | | | | | | |
| | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| | | | | | | | |

Sheet no.___of___sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal▶ $ 0

Total▶ $
(Use only on last page of the completed Schedule F )
( Report also on Summary of Schedules.)

In re  James Stanley Wygonski                          Case No. _____
_____,
            Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> HSBC CARD SERVICES <br> PO BOX 17051 <br> Baltimore, MD 21297 | | H | credit card since 2006 | | x | | $713.06 |
| ACCOUNT NO. 479124227198043 <br> CAPITAL ONE <br> PO Box 790217 <br> St. Louis, MO 63179 | | H | credit card since 2003 | | x | | 1,066.45 |
| ACCOUNT NO. <br> SEARS GOLD MASTER CARD <br> PO BOX 183082 <br> Columbus, OH 43218 | | H | credit card since 2000 | | x | | 10,721.25 |
| ACCOUNT NO. <br> Hitzman Group, Inc. <br> Kevin & Sean Ritzman <br> 700 S. Butterfield Rd <br> Mundelein, IL 60060 | | H | dispute over earlier corporation | | | x | unknown |
| ACCOUNT NO. <br> Illinois Bone-Joint <br> Institute 9000 <br> Waukegan Ave. <br> Morton Grove, Il 60058 | | H | corporate claim for injuries to employee 2002 | | | x | unknown |

Sheet no.____of___sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $12,500.70

Total ➤ $178,427.27

(Use only on last page of the completed Schedule F.)
( Report also on Summary of Schedules.)

Form B6G
(10/05)

In re   JAMES STANLEY WYGONSKI                    ,        Case No._____
                    Debtor                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

[X] Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Form B6H
(10/05)

In re <u>James Stanley Wygonski</u> ,
       **Debtor**

Case No. _____
                        **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

[X] Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

Form B6I
(10/05)

In re   JAMES STANLEY WYGONSKI_____ ,          Case No._____
                    **Debtor**                                                       **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12, or 13 case
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.

| Debtor's Marital Status: married | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP:          son | AGE:  8 |

| **Employment:** | **DEBTOR** | **SPOUSE** |
|---|---|---|
| Occupation | Food Service Manager | Linda |
| Name of Employer | unemployed | interior designer |
| How long employed | | 6 years |
| Address of Employer | | Walter E. Smithe Vernon Hills, Il |

INCOME: (Estimate of average monthly income)                    DEBTOR                SPOUSE

1.  Current monthly gross wages, salary, and commissions          $___0_____          $_3,000.00_
       (Prorate if not paid monthly.)
2.  Estimate monthly overtime                                      $_____          $___0_____

3.  SUBTOTAL                                                       $_____  $_3,000.00_

4.  LESS PAYROLL DEDUCTIONS
       a.  Payroll taxes and social security                       $_____          $_600.00__
       b.  Insurance                                               $_____          $_____
       c.  Union dues                                              $_____          $_____
       d.  Other (Specify): _____               $_____          $_____

5.  SUBTOTAL OF PAYROLL DEDUCTIONS                                 $_____  $_600.00__

6.  TOTAL NET MONTHLY TAKE HOME PAY                                $_____  $_2,400.00_

7.  Regular income from operation of business or profession or farm.  $_____          $_____
       (Attach detailed statement)
8.  Income from real property                                      $_____          $_____
9.  Interest and dividends                                         $_____          $_____
10. Alimony, maintenance or support payments payable to the debtor for  $_____          $_____
       the debtor's use or that of dependents listed above.
11. Social security or government assistance
       (Specify):_____                  $_____          $_____
12. Pension or retirement income                                   $_____          $_____
13. Other monthly income                                           $_____          $_____
       (Specify):_____

14. SUBTOTAL OF LINES 7 THROUGH 13

15. TOTAL MONTHLY INCOME (Add amounts shown on lines 6 and 14)     $_____  $_2,400___

16. TOTAL COMBINED MONTHLY INCOME:  $_2,400.00_                    $_____  $_____
                                                                   (Report also on Summary of Schedules.)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Form B6J
(10/05)

In re JAMES STANLEY WYGONSKI                            Case No. _____
_____,                              (if known)
        Debtor

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,547 |
|    a. Are real estate taxes included?   Yes _____ No _x_ | |
|    b. Is property insurance included?   Yes _____ No _x_ | |
| 2. Utilities: a. Electricity and heating fuel | $ 180.00 |
|    b. Water and sewer | $ 50.00 |
|    c. Telephone | $ 100.00 |
|    d. Other _____ | |
| 3. Home maintenance (repairs and upkeep) | $ _____ |
| 4. Food | $ _____ |
| 5. Clothing | $ 400 |
| 6. Laundry and dry cleaning | $ 100 |
| 7. Medical and dental expenses | $ 25.00 |
| 8. Transportation (not including car payments) | $ 5 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 200 |
| 10. Charitable contributions | $ 5 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | $ _____ |
|    a. Homeowner's or renter's | |
|    b. Life | $ 60.00 |
|    c. Health | $ 200 |
|    d. Auto | $ 250 |
|    e. Other | $ 50 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | $ _____ |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | |
|    b. Other | $ 150 |
|    c. Other _____ | $ _____ |
| 14. Alimony, maintenance, and support paid to others | $ _____ |
| 15. Payments for support of additional dependents not living at your home | $ _____ |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ _____ |
| 17. Other | $ _____ |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ _____ |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

$3322

20. STATEMENT OF MONTHLY NET INCOME
   a. Total monthly income from Line 16 of Schedule I     $ 2,400
   b. Total monthly expenses from Line 18 above     $ 3,332
   c. Monthly net income (a. minus b.)     $ (932)

Official Form 6-Decl.
(10/05) .

In re __JAMES STANLEY WYGONSKI_____ ,                    Case No. _____
        Debtor                                                              (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____
                                                                                              *(Total shown on summary page plus 1.)*

sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __November 6, 2006____          Signature: _____
                                                                              *Debtor*

Date _____          Signature: _____
                                                                              *(Joint Debtor, if any)*

                                          [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security No.
                                                                              *(Required by 11 U.S.C. § 110.)*
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____          _____
   Signature of Bankruptcy Petition Preparer                                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.          *(Total shown on summary page plus 1.)*

Date _____          Signature: _____

                                          _____
                                          [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

--------Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Official Form 7
(10/05)

# UNITED STATES BANKRUPTCY COURT

<u>NORTHERN</u>     **DISTRICT OF** <u>     Illinois     </u>

In re: <u>James Stanley Wygonski</u> ,
       Debtor       

Case No. <u>                </u>
          (if known)

## STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

      *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

     1.    **Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | | SOURCE | | |
|---|---|---|---|---|
| $20,000 | 2004 | operation | of | restaurant |
| $10,000 | 2005 | " | " | " |
| to date $9,000 | | | | |

2

**2.  Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| | |

**3.  Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None
☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| Hitzman Group, Inc. Kevin & Sean Hitzman 700 Butterfield Rd Mundelein, Il. | 8/24/06 | $18,000 | 0 |
| | 8/29/06 | $2,000 | |
| | 9/12/06 | $2,500 | |

None
☒

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None      a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| | | | |

None      b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

**5.   Repossessions, foreclosures and returns**

None      List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

**6.   Assignments and receiverships**

None ☒     a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| | | |

4

None
☒  b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

### 7.  Gifts

None
☒  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8.  Losses

None
☒  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9.  Payments related to debt counseling or bankruptcy

None
☐  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Morton Cohon Jeff Goldberg 100 N. La Salle Chicago, Il. | October 31, 2006 | $2,500 fee and $299 costs |

### 10.  Other transfers

5

None ☒    a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☒    b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Chase Bank 513 Central Highland Pk, Il | checking 8990 (negative balance) | 10-31-06 |

### 12. Safe deposit boxes

None ☒    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER IF ANY |
|---|---|---|---|

### 13. Setoffs

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.   Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.   Prior address of debtor**

None
☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

**16.  Spouses and Former Spouses**

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**NAME**

7

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
[X]  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
[X]  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
[X]  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None
[X]  a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.Meister's Inc. dba Hot Tamales 493 Central Ave. Highland Park, Il from Jan. 1993 to Oct. 2006

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

8

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| MEISTER's INC. dba Hot Tamales | | 493 Central Highland Pk, IL | restaurant | Jan 93 to Oct 06 |

None
☒    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

       NAME                 ADDRESS

     The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

     *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☒    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

       NAME AND ADDRESS                     DATES SERVICES RENDERED

None
☒    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

       NAME             ADDRESS           DATES SERVICES RENDERED

None
☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

       NAME                           ADDRESS

Marshall Rasof CPA                3818 Oakton, Skokie, Il.60078

9

None
☒
   j. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

              NAME AND ADDRESS                                   DATE ISSUED

---

**20. Inventories**

None
☐
   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

                                                         DOLLAR AMOUNT
                                                         OF INVENTORY
DATE OF INVENTORY        INVENTORY SUPERVISOR       (Specify cost, market or other basis)

---

None
☐
   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

                                                     NAME AND ADDRESSES
                                                   OF CUSTODIAN
DATE OF INVENTORY                                         OF INVENTORY RECORDS

---

**21. Current Partners, Officers, Directors and Shareholders**

None
☒
   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

              NAME AND ADDRESS               NATURE OF INTEREST       PERCENTAGE OF INTEREST

---

None
☐
   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                                     NATURE AND PERCENTAGE
              NAME AND ADDRESS               TITLE            OF STOCK OWNERSHIP

---

**22. Former partners, officers, directors and shareholders**

None
☒
   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

              NAME                             ADDRESS                 DATE OF WITHDRAWAL

10

None
☒
b.    If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                    TITLE                    DATE OF TERMINATION

## 23 . Withdrawals from a partnership or distributions by a corporation

None
☒
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                                              AMOUNT OF MONEY
OF RECIPIENT,                    DATE AND PURPOSE           OR DESCRIPTION
RELATIONSHIP TO DEBTOR           OF WITHDRAWAL              AND VALUE OF PROPERTY

## 24. Tax Consolidation Group.

None
☐
X
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION        TAXPAYER IDENTIFICATION NUMBER (EIN)

## 25. Pension Funds.

None
☐
X
If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND           TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

11

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date ___11/6/06___                    Signature _____
                                      of Debtor

Date _____            Signature _____
                                      of Joint Debtor
                                      (if any)

_____

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____            Signature _____

                                     _____
                                     Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

_____

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____         _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social Security No.(Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____         _____
Signature of Bankruptcy Petition Preparer                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

Form 8
(10/05)

# United States Bankruptcy Court

<u>NORTHERN</u>    District Of _____<u>Illinois</u>_____

In re <u>JAMES STANLEY WYGONSKI,</u>
Debtor

Case No. _____
Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☐ I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.
☐ I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.
☐ I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 2000 Saturn | Capital | | | | x |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| | | |

Date: <u>11/6/06</u>

_Signature of Debtor_

--------------------------------------------------------------------------------
### DECLARATION OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____    _____
Printed or Typed Name of Bankruptcy Petition Preparer    Social Security No. (Required under 11 U.S.C. § 110.)
_If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person or partner who signs this document._

Address

X_____    _____
Signature of Bankruptcy Petition Preparer    Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

_A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156._